Dominic Mendoza, Esq., SBN 310963
Julie Beth Isen, Esq., SBN 270380
Mail: 43445 Business Park Drive,
Temecula, CA 92590
Phone: (951) 541-0405
Fax: (951) 639-8022
dmendoza@freedomforever.com

Attorneys for Freedom Forever, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAYOSUN, LLC., FREEDOM SOLAR SERVICES, LLC and DOES 1 through 10, inclusive, and each of them,<br>Defendants. | Case No.: 3:19-CV-00256-JSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR VIOLATIONS OF: [PROPOSED ORDER]**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C.§ 227 (b)]<br><br>**2. WILLFUL VIOLATIONS OF** THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C.§ 227 (c)]<br><br>3. 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C.§ 227 (b)]<br><br>**4. WILLFUL VIOLATIONS OF** THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C.§ 227 (c)]<br><br>Date: March 14, 2019<br>Time: 10:00 a.m.<br>Dept.: F<br>Judge: Hon. Jacqueline Scott Corley |

1  NOTICE IS HEREBY GIVEN THAT on March 14, at 10:00 a.m., before Honorable.
2  Jacqueline S. Corley of the United States Courthouse for the **Northern District of California,**
3  **San Francisco Division,** Defendant Freedom Forever LLC ( "Freedom Forever") will and
4  hereby do move the Court to dismiss the Complaint for Violations of TCPA **under R**ule
5  12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is based on
   this Notice of Motion and Motion; the accompanying Memorandum of Points and
6  Authorities; the pleadings and papers filed in this action; and such further argument and
7  matters as may be offered at the time of the hearing of this Motion.

Dated: February 25, 2019

Respectfully submitted,

Dominic G. Mendoza
Julie Beth Isen

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Complaint fails to satisfy the most basic of pleading requirements necessary to bring a claim for relief under the Telephone Consumer Protection Act ("TCPA"). Rather than stating meaningful, substantive factual allegations, the Complaint is comprised of bare bone conclusory allegations. The TCPA regulates unsolicited telemarketing and bulk communications by prohibiting the use of an Automatic Telephone Dialing System ("ATDS"), which is equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and dials those numbers. A prerequisite for recovery under the TCPA is that the communications were made using an ATDS.

Plaintiff's bald assertion that the alleged communications he received were sent through an ATDS merely repeats back the language of the TCPA without providing any supporting facts. As described below, Courts within the Ninth Circuit have routinely dismissed TCPA claims on a Rule 12(b)(6) motion where the complaint has merely alleged that the challenged communications were made with an ATDS.

Moreover, Plaintiff fails to identify which of the three named defendants actually enabled an ATDS to call Plaintiff's cell phone. The Complaint does not contain any allegations facts to support theories of alter ego or vicarious liability. In fact, it is completely unknown who dialed Plaintiff or when it occurred. Finally, Plaintiff asserts willful violations of the TCPA (both under Section 227(b) and Section 227(c)). Similar to Plaintiff's other allegations, Plaintiff merely parrots the statutory language and does not add any substantive facts. Given the flimsy factual bases, the Motion should be granted and the Complaint dismissed.

## II.  STATEMENT OF FACTS

Plaintiff brings this action, on behalf of himself and his putative class, for various violations of the TCPA (under both Section 227(b) and Section 227(c)). On or about October 12, 2017, Plaintiff contends that one of the named defendants contacted his cellular telephone in an

attempt to solicit Plaintiff to purchase one of the named defendants' services. Plaintiff also asserts an ATDS was used and that Plaintiff was contacted at three numbers. Plaintiff further states he placed his cellular telephone number on the National Do-Not-Call list several years prior to receiving an initial contact from one of the named defendants.

### III.   LEGAL STANDARD

Federal Rules of Civil Procedure ("FRCP") 12(b)(6) requires a court to dismiss the Complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a Complaint must be pled showing plaintiff's entitlement to relief. This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). While all allegations of material fact are taken as true, legally conclusory statements not supported by actual factual allegations need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp, supra, 550 U.S. at 555 (citations and quotations omitted)). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Dismissal under FRCP 12(b)(6) is proper when a "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, (1957) 355 U.S. 41, 45-46. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Cousineau v. Chevy Chase Bank, 2009 U.S. Dist. LEXIS 32490, 5 (E.D. Cal. 2009) (citation omitted). It is also improper to make "unreasonable inferences" or "unwarranted deductions of fact" to save a complaint from dismissal. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001). In other words, a complaint must be dismissed when it fails to show that the pleader is entitled to relief but, instead, shows only a "mere possibility of misconduct." Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. ARGUMENT

### A. The First and Second Claims For Relief Fail To Allege Sufficient Facts

The first claim for relief, for negligent violations of Section 227(b), and the second claim for relief, for willful violations of Section 227(b), are fatally deficient. The elements of a TCPA claim, under Section 227(b) are: "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system ["ATDS"]; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b). Courts within the Ninth Circuit have routinely dismissed TCPA claims on a Rule 12(b)(6) motion where the complaint has merely alleged that the challenged communications were made with an ATDS. In Ibey v. Taco Bell Corp., 2012 WL 2401972 (S.D. Cal. 2012), the court found that the plaintiff had "not sufficiently pled the use of an ATDS," where he simply made the conclusory allegation -- as did Plaintiff in the present action -- that the challenged communications were made with an ATDS. The Ibey court found it persuasive that the "[p]laintiff neither specifies that the device [used to place the communications] has the capacity to store or produce telephone numbers nor that the system uses a random or sequential number general [sic] to text message the numbers." Id. at *9.

Further, "at a minimum, Plaintiff must allege some indirect facts to suggest that Defendant's system is capable of acting as an ATDS." Flores v. Adir Int'l, LLC, 2015 WL 4340020, at *5 (C.D. Cal. July 15, 2015); see also Knutson v. Replya, Inc., 2011 WL 291076, at *2 (S.D. Cal. January 27, 2011). Finally, "it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true." Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010). A court should "expect a plaintiff to plead enough circumstantial or indirect allegations—content of messages, context and manner in which they were sent, existence of similar messages, frequency of messages, etc.—that would create an inference that an ATDS was used." Armstrong v. Investor's Business Daily, Inc., 2018 WL 6787049 (C.D. Ca. 2018); see also, Duguid v. Facebook, Inc., 2016 WL 1169365 (N.D. Ca. 2016).

Here, Plaintiff fails to establish violations of Section 227(b) for a variety of reasons. First, there are no facts that show Defendant Freedom Forever contacted Plaintiff through any telephonic means. Plaintiff failed to identify which of the three named defendants contacted Plaintiff in violation of the TCPA. As noted, Defendants are three separate entities. Consequently, it is salient which of the defendants contacted Plaintiff and when was the phone call made. Taken further, it is unknown if Defendant Freedom Forever contacted the plaintiff. In that same vein, it is unknown which party, if any, used an ATDS to contact Plaintiff.

Next, in regard to Defendants' purported use of an ATDS, there are no facts establishing the alleged device has the capacity to store or produce telephone numbers or that the system used a random or sequential number to contact Plaintiff. In fact, the sole allegations Plaintiff sets forth is "Defendant used an 'automatic telephone dialing system' as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services." Complaint, p. 3, lines 23-24. As in Kramer, this contention is entirely improper and need not be taken as true. Merely alleging that, "Defendant used an 'automated telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff," without more, fails the most basic test of sufficiency to withstand a motion to dismiss. In addition, similar to Armstrong, there needs to be content to the communication and context in which the communication was made (such as the existence of similar calls/messages and/or frequency of the calls). In sum, the Complaint lacks a necessary element to allege a Section 227(b) violation. Based thereon, the first and second claims for relief should be dismissed.

### 1. The Complaint Does Not Allege Facts To Support A Claim For Willful Violation

Plaintiff seeks the award of treble damages under the TCPA by pleading only that Defendants' alleged violations of the TCPA were "knowing and/or willful. As with his allegations regarding the ATDS, Plaintiff has merely asserted "bare" allegations that simply reflect the statutory language and add no factual support. This conclusory, "naked" assertion does not suffice under the rubric articulated by the U.S. Supreme Court in Twombly and Ashcroft, as well as in a number of cases in this circuit and others. Defendants also incorporate all applicable arguments as set forth above.

### B. The Third and Fourth Claims For Relief Fail To Allege Sufficient Facts

The third and fourth claims for relief fail as a matter of law. "Section 227(c)(5) establishes a private right of action in state court for a person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of these regulations." Kazemi v. Payless Shoesource Inc., 2010 WL 963225 *2 (N.D. Ca. 2010). "The regulations promulgated under section 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)." Id.

Defendants incorporate all arguments raised hereinabove, specifically, there are no allegations establishing: (1) Defendant Freedom Forever contacted Plaintiff; (2) Defendant Freedom Forever used an ATDS to contact Plaintiff; (3) willful violations of Section 227(c). Plaintiff has not pled facts showing Defendant Freedom Forever initiated a call to Plaintiff. Instead, as noted above, Plaintiff improperly labels all named defendant as a single defendant who contacted Plaintiff. Defendant Freedom Forever is a separate entity, and thus, it cannot be grouped with the other Defendants without allegations of its particular acts constituting TCPA violations.

## V.   CONCLUSION

For all the reasons stated above, Defendant Freedom Forever respectfully requests that the Court grant this Motion and dismiss each of the causes of action against Freedom Forever with prejudice.

Dated: February 25, 2019

Respectfully submitted,

Dominic G. Mendoza
Julie Beth Isen

## PROOF OF SERVICE

I, BILAL KHAN, employed in the County of Riverside, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 43445 Business Park Drive, Suite 110, Temecula, CA 92962.

On February 25, 2019, served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR VIOLATIONS OF: [PROPOSED ORDER}**

[ ] **BY FACIMILE:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[XX] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service and said correspondence is deposited with the United States Postal Service the same day.

[ ] **BY OVERNIGHT MAIL:** by causing the document(s) listed above to be picked up by an overnight delivery service company for delivery to the addressee(s) set forth below on the next business day.

[ ] **BY ELECTRONIC SERVICE:** by electronically serving via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

| Agency/Attorney | Electronic Service Address(es) |
|---|---|
| Todd M. Friedman Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxard St., Suite 780<br>Woodland Hills, CA 91367 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 25, 2019**, at Temecula, California.

_____
BILAL KHAN