Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Kelsey L. Kuberka (321619)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866)633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
kkuberka@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY NAIMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAYOSUN, LLC., FREEDOM SOLAR SERVICES, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. 3:19-cv-00256-JSC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**DATE:** April 4, 2019<br>**TIME:** 10:00 A.M.<br>**DEPT:** F<br>**JUDGE:** Hon. Jacqueline S. Corley |

# TABLE OF CONTENTS

I. INTRODUCTION AND RELEVANT FACTS ............................................. 1

II. THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) ............... 2

III. STATEMENT OF FACTS ................................................................................ 5

IV. LEGAL STANDARD ....................................................................................... 6

V. ARGUMENT ..................................................................................................... 8

  A.    Plaintiff Has Sufficiently Plead Vicarious Liability For Defendant's TCPA Violations. ................................................................................................. 8

  B.  Plaintiff Has Alleged Sufficient Facts To Demonstrate TCPA Violations Through Use Of ATDS. ........................................................................................ 11

  C.  If Plaintiff's Pleadings Are Found Deficient, Plaintiff Respectfully Requests Tailored Discovery and Leave To Amend In Order To Cure Any Such Deficiencies. ............................................................................................................ 13

VI. CONCLUSION ............................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.*, 329 F. Supp.2d 789 (M.D. La. 2004) ........................................................ 4

*American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556 (1982) ........................................................................................................ 4

*American Telephone and Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) ................................................................................ 4

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ................................ 12

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................ 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 7, 8

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047 (9th Cir. 2011) .............................................................................................................. 7

*Cahill v. Liberty Mutual Ins. Co.,* 80 F. 3d 336 (9th Cir. 1996) ............................. 7

*Erikson v. Pardus*, 551 U.S. 89 (2007) .................................................................... 7

*Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. Cal. 2014) ................... 5, 8

*Ibey v. Taco Bell Corp.,* 2012 WL 2401972 (S.D. Cal. 2012) ............................. 12

*Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049 (N.D. Cal. 2010) .............. 13

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) ....................... 12

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000) ...................................................... 13

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ...... 7

*Mey v. Monitronics Int'l, Inc.*, 959 F. Supp. 2d 927 (N.D. W. V.A 2013) ............ 8

*Meyer v. Holley*, 537 U.S. 280 (2003) .......................................................... 4, 5, 8

*Meyer v. Portfolio Recovery Assocs., LLC,* 2011 U.S. Dist. LEXIS 156610 (S.D. Cal. Sept. 14, 2011) ................................................................................................ 3

*Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740 (2012) ........................................ 2

*Montantes v. Inventure Foods,* No. 14-1128, 2014 WL 3305578 (C.D. Cal. 2014) ................................................................................................................. 12, 13

*Moser v. F.C.C.,* 46 F. 3d 970 (9th Cir. 1995)......................................................... 3

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2011) ................................... 7

*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530 (9th Cir. 1984) ............... 7

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).................. 2, 3

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ......................................................... 7

*Wilson v. Metals USA, Inc.*, No. 12-0568, 2012 WL 4888477 (E.D. Cal. 2012) . 13

*Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257 (S.D. Cal. 2008) ................ 7

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*....................... passim

**Other Authorities**

Restatement 3d of Agency, § 4.01 ...................................................................... 11

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................. passim

**Regulations**

2013 FCC Order, Declaratory Ruling, 28 FCC Rcd 6574 (May 13, 2013) 1, 10, 11

47 CFR 64.1200(f)(9) ............................................................................................ 4

F.C.C. Comm'n Order No. 03-153 ........................................................................ 2

In the Matter of The Joint Petition Filed by Dish Network, LLC, et al., CG Docket No. 11-50 (FCC 13-54), 28 FCC Rcd 6574 (2013).................... 4, 5, 8, 10

*Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003) .......................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT FACTS

Plaintiff's individual claims stem from an unsolicited call that Plaintiff Sidney Naiman ("Plaintiff") received on or around October 12, 2017, advertising Defendant Rayosun, LLC's solar power services. Plaintiff is one of thousands if not millions of consumers across the nation who have received such obnoxious and intrusive robo-calls from Defendant and its agents, calls which Plaintiff alleges violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

On or around October 15, 2017, Plaintiff received another call from Defendant Rayosun, LLC. Plaintiff was informed that Defendant Rayosun, LLC would be sending Bob Gunthy, Solar Consultant of Defendant Rayosun, LLC for a consultation. Bob Gunthy called Plaintiff, identifying himself as Solar Specialist for Defendant Freedom Solar Services, LLC.

Plaintiff alleges that Defendants' business model is a maze of companies, each acting on behalf of each other. Defendant attempts to shield itself from vicarious and direct liability by adding layers of LLC's between it and its agents. Plaintiff alleges that Defendants' business model and practices make each directly, and vicariously liable for the alleged TCPA violations at issue in this case, under the well-established guidance set forth by the FCC in its 2013 omnibus order.[1]

Defendant's Motion to Dismiss fails to identify a legitimate basis warranting a dismissal of Plaintiff's and the putative class members' claims, without an adjudication on the merits, or any opportunity for discovery. The crux of Defendant's motion rests on an erroneous assertion that Plaintiff has not pled (and cannot plead) that Defendants placed the calls to Plaintiff's cellular phone using an Automatic Telephone Dialing System, which Plaintiff alleges, or that Defendant is liable for these calls even if they do. This is simply incorrect.

It is unclear how Defendant can assert that Plaintiff has not and cannot allege

---

[1] 2013 FCC Order, Declaratory Ruling, 28 FCC Rcd 6574 (May 13, 2013).

the requisite minimal particularity to overcome Fed. R. Civ. P. 12(b)(6) and its liberal pleadings standards. Defendant seems to be asking the Honorable Court to make a merits decision on the pleadings. Despite not once denying that it uses an ATDS or that its distributors and/or employees placed this call to Plaintiff's cell phone without his consent, Defendant wastes the Court and parties' time with a motion that asks the Court to end this class action lawsuit without an opportunity to conduct basic discovery. Plaintiff has pled more than sufficient facts establishing that he and the putative class are entitled to relief on their TCPA claims. The Honorable Court should deny Defendant's Motion to Dismiss in its entirety.

## II. THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

Congress enacted The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") amid outrage from consumers "over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 745 (2012) (citation and internal quotation marks omitted).

Congress enacted the TCPA in 1991 amidst an unprecedented increase in the volume of telemarketing calls to consumers in America. The TCPA combats the threat to privacy[2] being caused by the automated marketing practices, stating it is unlawful:

> (A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic**

---

[2] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'"). The Federal Communications Commission ("FCC") confirmed in 2003 that "telemarketing calls are even more of an invasion of privacy than they were in 1991," and "we believe that the record demonstrates that telemarketing calls are a substantial invasion of residential privacy, and regulations that address this problem serve a substantial government interest." *Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003), F.C.C. Comm'n Order No. 03-153, modified by 18 F.C.C.R. 16972.

> **telephone dialing system** or an artificial or prerecorded voice—. . .
> (iii) **to any telephone number assigned to a** paging service, **cellular telephone service**...

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). According to the express text of the TCPA, the statute requires the calls to be made with an ATDS, which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added).

To demonstrate a TCPA violation, Plaintiff need only show that Defendant (1) placed a call using an automatic telephone dialing system; (2) to any telephone number assigned to a cellular telephone service; (3) without the prior express consent of the Plaintiff.[3] *See Meyer v. Portfolio Recovery Assocs., LLC,* 2011 U.S. Dist. LEXIS 156610, *21 (S.D. Cal. Sept. 14, 2011). Section 227(b)(1) of the TCPA expressly applied to "any call" made using an ATDS. 47 U.S.C. § 227(b)(1). The Ninth Circuit has held that this section of the TCPA should be analyzed as a content-neutral regulation. *Moser v. F.C.C.,* 46 F. 3d 970, 973 (9th Cir. 1995). A single automated call placed via an ATDS without prior express consent violates the TCPA. *See Satterfield,* 569 F. 3d at 956.

The Federal Communications Commission ("FCC") is expressly granted the authority to "prescribe regulations to implement the requirements" of the TCPA. 47 U.S.C. § 227(b)(2). On May 9, 2013, the FCC issued a Declaratory Ruling, which addressed whether and when the TCPA contemplates indirect liability for unlawful calls made by an independent telemarketer. In issuing said Declaratory Ruling, the FCC held that an entity "may be held vicariously liable under federal

---

[3] Notably, Defendant does not challenge the sufficiency of Plaintiff's allegation that Plaintiff was called on his "cellular" telephone, or that the calls were placed without prior express consent of Plaintiff, which must mean that Defendant believes these elements are properly pled.

common law agency principles for a TCPA violation by a third-party telemarketer."[4]  In the Matter of The Joint Petition Filed by Dish Network, LLC, et al., CG Docket No. 11-50 (FCC 13-54), 28 FCC Rcd 6574, 6582 ¶ 24 (2013) ("2013 FCC Ruling").  In so ruling, the FCC held as follows:

> "In doing so, we clarify that while a seller does not generally "initiate" calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers" (2013 FCC Order at ¶ 1).

> "a seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *Id*. at ¶ 28.[5]

> "The classical definition of "agency" contemplates "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the

---

[4] "The term seller means the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 CFR 64.1200(f)(9).

[5] *Meyer v. Holley*, 537 U.S. 280, 285 (2003) (holding that Fair Housing Act imposes vicarious liability for racial discrimination according to traditional agency principles, as outlined in HUD regulations); *American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 565-574 (1982) (holding that "general principles of agency law," including "apparent authority theory," may establish a basis for liability in private antitrust actions under 15 U.S.C. § 15); *American Telephone and Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427-1440 (3d Cir. 1994) (general agency principles, including apparent authority, apply to determine liability in private damages action for alleged false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)); *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.*, 329 F. Supp.2d 789, 794-95, 805-06 (M.D. La. 2004) (liability in private TCPA action under section 227(b)(3) for violation of prohibitions against unsolicited fax advertisements may be predicated on agency doctrines of vicarious liability, because to construe the statute otherwise would effectively allow "an end-run around the TCPA's prohibitions").

principal's behalf and subject to the principal's control." Potential liability under general agency related principles extends beyond classical agency, however. A principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such "[a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." Other principles of agency law may support liability in particular cases. For example, a seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits. Such ratification may occur "through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences."" *Id.* at ¶ 34.

"While section 227(b) does not contain a provision that specifically mandates or prohibits vicarious liability, we clarify that the prohibitions contained in section 227(b) incorporate the federal common law of agency and that such vicarious liability principles reasonably advance the goals of the TCPA." *Id.* at ¶ 35.

In considering the issue of vicarious liability under the TCPA, the 9th Circuit echoed the FCC's ruling in stating that the TCPA "is silent as to vicarious liability. We therefore assume that Congress intended to incorporate 'ordinary tort-related vicarious liability rules.'" *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. Cal. 2014) (citing *Meyer v. Holley*, 537 U.S. 280, 285 (2003)).

### III. STATEMENT OF FACTS[6]

Plaintiff alleges that beginning in or around October of 2017, including on October 12, 2017, Defendants contacted Plaintiff on his cellular telephone, ending in -6443, from telephone numbers (925) 304-1015, (951) 639-6116, and (818) 818-9869, in an attempt to solicit Defendants' services. Compl., Dkt. No. 1, ¶¶ 8-10.

---

[6] Plaintiff's factual allegations span a robust 20 pages of the revised First Amended Complaint, and include 40 pages of exhibits. *Id.* at ¶¶ 6-40 and Ex. A-D. For the sake of brevity, and because Defendant's recitation of the facts leaves out and misstates several critical issues, Plaintiff presents this supplemental statement of facts.

Plaintiff alleges that he received a call in the following days from an individual identifying himself as a representative of Rayosun, who engaged in further efforts to solicit Defendants' services. Defendants' representative sent Plaintiff emails containing various materials from Defendants regarding their solar power services. Plaintiff alleges that Defendants utilized an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) ("ATDS"), in order to place the automated robo calls to Plaintiff despite Plaintiff's number registered on the National Do-Not-Call Registry. *Id.* at ¶¶ 13-19. Further, Plaintiff has never been a customer of Defendants' services and never provided any personal information to Defendants. Thus, Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). *Id.*

Plaintiff further alleges that each Defendant was acting as "an agent and/or employee of each of the other Defendants" under a theory of Agency and/or Vicarious Liability. Compl. at ¶ 7. In fact, the Employee who contacted Plaintiff sent him emails to follow up on the robocalls, which contained information from both Rayosun and Freedom Solar Services, LLC, which coincidentally shares similar agents for service of process according to the California Secretary of State as Freedom Forever, LLC, and both Freedom Solar Services and Freedom Forever, LLC share owners and shareholders.[7]

## IV.   LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion to dismiss is properly granted where the complaint fails to assert "enough facts to state a claim to relief that is plausible on

---

[7] Plaintiff through diligence, has discovered five (5) other possible entities sharing similar characteristics, and anticipates after sufficient discovery, a motion to amend the pleadings to allege further identities of the DOE Defendants.

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "specific facts are not necessary." *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2011) (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (plausibility standard does not require "the who, what, when, where and how of the misconduct alleged."). Nor is the "[t]he standard at this stage...that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly,* 550 U.S. 554, 556 (2007)).

In order to survive a 12(b)(6) motion,[8] a complaint need not state detailed factual allegations. Id. at 555. In deciding a 12(b)(6) motion and when considering the legal sufficiency of a claim, courts accept factual allegations as true, drawing all reasonable inferences therefrom in the favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F. 3d 336, 337-38 (9th Cir. 1996). The Ninth Circuit has held that a complaint should not be dismissed under a Rule 12(b)(6) motion "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984)).[9]

---

[8] Defendant vaguely references Rule 9's heightened particularity standards, but cites not a single case that holds that this standard, which is typically reserved for claims involving fraud (*see Ashcroft v. Iqbal*), applies to TCPA claims. That is because there is no such case law, and because this standard does not apply. Defendant has filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), and this is the only lens through which Plaintiff's claims should be viewed.

[9] *See, e.g.*, *Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257 (S.D. Cal. 2008) (denying motion to dismiss and motion for summary judgment prior to discovery).

## V. ARGUMENT
### A. PLAINTIFF HAS SUFFICIENTLY PLEAD VICARIOUS LIABILITY FOR DEFENDANT'S TCPA VIOLATIONS.

Defendant argues Plaintiff has failed to allege that "Defendant Freedom Forever contacted Plaintiff through any telephonic means." [Defendant's Motion, 6:1-3.] Defendant's liability, however, does not hinge solely on whether Defendant Freedom Forever placed the call.[10] Instead, it is well-established that even where an individual Defendant does not place a call, they may be liable through the doctrine of vicarious liability, based on the actions and circumstances of another party.

An entity "may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer." 2013 FCC Ruling at ¶ 24. This application of vicarious liability principles includes formal agency, apparent authority, and ratification, each of which has been upheld by the Ninth Circuit. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. Cal. 2014) (citing *Meyer v. Holley*, 537 U.S. 280, 285 (2003)). The court in *Mey v. Monitronics Int'l, Inc.*, 959 F. Supp. 2d 927 (N.D. W. V.A 2013) in ruling on a motion for summary judgment, faced the issue of vicarious liability for calls allegedly placed on defendants' behalf by defendant Versatile Marketing Solutions, Inc. in violation of the TCPA.

Plaintiff must only demonstrate that the Complaint asserts authority and ratification issues, sufficient to assert a "plausible" claim for relief, which permits the Court to draw reasonable inferences of liability. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

---

[10] Defendant Freedom Forever does not dispute the calls alleged, instead, disputes they placed the call on their own behalf.

Here, Plaintiff alleges that each Defendant was acting as "an agent and/or employee of each of the other Defendants" under a theory of Agency and/or Vicarious Liability. Compl. at ¶ 7. In fact, the Employee who contacted Plaintiff sent him emails to follow up on the robocalls, which contained information from both Rayosun and Freedom Solar Services, LLC, which coincidentally shares similar agents for service of process according to the California Secretary of State as Freedom Forever, LLC, and both Freedom Solar Services and Freedom Forever, LLC share owners and shareholders.

"Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement 3d of Agency, § 2.03.  In order to reach a finding of apparent authority on the part of Freedom Forever, LLC, the Court need not find that Freedom Forever, LLC itself directly communicated with Plaintiff or those similarly situated.  A Principal may make manifestations regarding an agent's authority in many ways.  In some settings, the principal's acts speak so loudly that explicit verbal communication is unnecessary.  Similarly, an indirect route of communication between a principal and third party may suffice, especially when it is consistent with practice in the relevant industry.  A principal may also make a manifestation by placing an agent in a defined position in an organization or by placing an agent in charge of a transaction or situation.  Third parties who interact with the principal through the agent will naturally and reasonably assume that the agent has authority to do acts consistent with the agent's position or role unless they have notice of facts suggesting that this may not be so. *Id*.

Additionally:

> If a principal has given an agent general authority to engage in a class of transactions, subject to limits known only to the agent and the

principal, third parties may reasonably believe the agent to be authorized to conduct such transactions and need not inquire into the existence of undisclosed limits on the agent's authority. *Id*.

In delineating when apparent authority can be found so as to result in vicarious liability under the TCPA on the part of a seller for the conduct of a telemarketer, the 2013 FCC Ruling listed six different factors that can be an indication of apparent authority:

1. "[e]vidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control"
2. "access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information"
3. "[t]he ability by the outside sales entity to enter consumer information into the seller's sales or customer systems"
4. "the authority to use the seller's trade name, trademark and service mark"
5. "that the seller approved, wrote or reviewed the outside entity's telemarketing scripts"
6. "if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

The FCC went on to observe that "at a minimum, evidence of these kinds of relationships – **which consumers may acquire through discovery, if they are not independently privy to such information** – should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent…. nothing in our ruling requires a consumer to prove at the time of their complaint (rather than reasonably allege) that a call was made on the seller's behalf" 2013 FCC Order at ¶ 46 and Ftn. 139.

Here, Plaintiff's allegations delineate that each of the three named Defendants acted on behalf of each other, and further employed the same representatives, employees and agents, such that only the name differentiates one from another. There exists no other relationship between Defendants to more clearly demonstrate the requirements outlined in the 2013 FCC Order on apparent authority. Plaintiff alleges that these Defendants are given free-access to each other's trade secrets, including marketing materials, and other proprietary information available to employees. Additionally, emails sent from Defendants' representative use similar logos and auto-generated language within the communications. Finally, Plaintiff alleges that each of the Defendants knew about the TCPA violations being committed by its shared employees and agents, and not only turned a blind eye, but actively promoted this conduct, for pecuniary gain.[11]

Plaintiff is not required to prove his case without the benefit of discovery. Plaintiff has clearly alleged sufficient facts to withstand Defendant's motion pursuant to F.R.C.P. 12(b)(6), and further anticipates overwhelming evidence of co-mingled liability against numerous Defendants in addition to Freedom Forever, LLC. What is abundantly clear is that Plaintiff's allegations far surpass the minimal pleadings standards of Rule 12(b)(6). Defendant's Motion should be summarily denied.

### B. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO DEMONSTRATE "KNOWING AND/OR WILLFUL" TCPA VIOLATIONS THROUGH USE OF ATDS.

---

[11] (1) Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority. (2) A person ratifies an act by (a) manifesting assent that the act shall affect the person's legal relations, or (b) conduct that justifies a reasonable assumption that the person so consents. Restatement 3d of Agency, § 4.01. "[K]nowing acceptance of the benefit of a transaction ratifies the act of entering into the transaction. This is so even though the person also manifests dissent to becoming bound by the act's legal consequences." *Id.,* Comment d., ¶ 2.

Defendant further argues Plaintiff has "not sufficiently pled the use of an ATDS," relying on dicta[12] from *Ibey v. Taco Bell Corp.*, which states "[p]laintiff neither specifies that the device [used to place the communications] has the capacity to store or produce telephone numbers nor that the system uses random or sequential number general [sic] to text message the numbers. [*Ibey v. Taco Bell Corp.,* 2012 WL 2401972 (S.D. Cal. 2012)] at *9." [Motion, 5:10-16.][13]

The Ninth Circuit has recognized that the level of detail required to state a plausible claim can vary depending on the information available to the plaintiff:

Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. [But] we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning [those facts] is in the control of the defendants.

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). The Second Circuit has found the "*Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged "upon information and belief" ' where the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

In *Montantes v. Inventure Foods*, the Court rejected the defendants' argument that the plaintiff failed to allege the equipment the defendant used to answer the plaintiff's calls. *Montantes v. Inventure Foods,* No. 14-1128, 2014 WL 3305578, *4-7 (C.D. Cal. 2014) After thorough examination of decisions upheld in various Circuits, *Montantes* held the plaintiff "cannot be expected to know at this

---

[12] Defendant further asserts Plaintiff has failed to plead sufficient facts to determine "knowing and/or willful" violations, but cites no authority for this position.

[13] In addition to *Ibey*, Defendant cites to several other Circuit Court decisions that relate to sufficiency of the pleadings with regard to alleging violations of the TCPA through the use of text messaging, which is not at issue in this case.

time what [kind] of phone was used to answer her call; that information is peculiarly within the [defendant's] possession and control[.]" *Id.* at *7.

Here, there is no distinction: consumers, like Naiman, are almost never in a position to identify the equipment used to place calls to them. Therefore, Twombly and Iqbal do not preclude Plaintiff's allegations. [14]

### C. IF PLAINTIFF'S PLEADINGS ARE FOUND DEFICIENT, PLAINTIFF RESPECTFULLY REQUESTS TAILORED DISCOVERY AND LEAVE TO AMEND IN ORDER TO CURE ANY SUCH DEFICIENCIES.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and citations omitted).

Further, even if this Court dismisses a claim for failure to allege detail, the Court is within its authority to permit tailored discovery needed to supply the missing detail. See *Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1056 (N.D. Cal. 2010) (Court had "ability to permit . . . discovery [of corporate defendant's separate roles in alleged facts] in even in the face of dismissal for failure to satisfy *Iqbal* and *Twombly* where, as here, relevant evidence is solely within the province of Defendants, leaving open the possibility of further amendment"; quoted and followed by *Wilson v. Metals USA, Inc.*, No. 12-0568, 2012 WL 4888477, *12 (E.D. Cal. 2012) (granting leave for "limited, reasonable, tailored discovery . . . in support of its allegations of successor liability")).

---

[14] Defendant's Motion with regard to Plaintiff's claims for "knowing and/or willful" TCPA violations and the Third and Fourth Claims merely states "Defendants [sic] incorporate all arguments raised hereinabove." Plaintiff cannot possibly anticipate any and all arguments that Defendant could raise in reply to Plaintiff's Opposition, and hereby reserve the right to object to any argument raised on these issues, not specifically addressed in Defendant's Motion, and elaborated for each issue.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss. Alternatively, should the Court be inclined to grant Defendant's Motion to Dismiss, Plaintiff respectfully requests an opportunity to conduct discovery to address such deficiencies and leave to amend Plaintiff's Complaint.

Dated: March 11, 2019  Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: /s Kelsey L. Kuberka
Kelsey L. Kuberka, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Filed electronically on this 11th day of March, 2019, with:

United States District Court CM/ECF system

Notification sent electronically on this 11th day of March, 2019, to:

Honorable Jacqueline Scott Corley
United States District Court
Northern District of California

And all Counsel of Record as Recorded on the Electronic Service List.

This 11th Day of March, 2019

s/Todd M. Friedman, Esq.
Todd M. Friedman