UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY NAIMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FREEDOM FOREVER, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-00256-JSC<br><br>**ORDER RE: DEFENDANT FREEDOM FOREVER, LLC'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

Plaintiff Sidney Naiman brings this action on his own behalf and as a putative class action against Defendants Freedom Forever, LLC ("Freedom Forever") and Freedom Solar Services, LLC ("Freedom Solar")[1] alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Dkt. No. 1.)[2] Now pending before the Court is Defendant Freedom Forever's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] (Dkt. No. 7.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the May 2, 2019 hearing, and GRANTS Freedom Forever's motion to dismiss because the complaint's conclusory allegations fail to give rise to a plausible inference that Freedom Forever is liable under the TCPA.

## BACKGROUND

### I.　Complaint Allegations[4]

Beginning in October 2017, Plaintiff received multiple calls on his cellular phone from "Defendant"—characterized in the complaint as a single "solar energy company" consisting of Rayosun, LLC, Freedom Solar Services, LLC and Freedom Forever, LLC—soliciting its services.

---

[1] Plaintiff's claims against Rayosun, LLC ("Rayosun") were severed from this action with the consent of the appearing parties after Rayosun failed to appear. (*See* Dkt. No. 28.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 11, 25.)
[4] Plaintiff's opposition asserts that its "factual allegations span a robust 20 pages of the revised First Amended Complaint, and include 40 pages of exhibits." (Dkt. No. 10 at 9 n.6.) That assertion is untrue; Plaintiff has not filed a first amended complaint and the only complaint on file spans 15 pages and does not include any exhibits. (*See* Dkt. No. 1.)

(Dkt. No. 1 at ¶¶ 1, 5, 8, 15.)  At the time of the calls, "each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants."  (*Id.* at ¶ 7.)  "Defendant used an 'automatic telephone dialing system' as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services."  (*Id.* at ¶ 9.)

Plaintiff did not give "Defendant" his "prior express consent" to receive such calls.  (*Id.* at ¶ 12.)  Further, Plaintiff's cellular phone number "was added to the National Do-Not-Call Registry on or about April 11, 2004."  (*Id.* at ¶ 13.)  Nevertheless, "Defendant continued to call Plaintiff in an attempt to solicit its services," in violation of the TCPA.  (*Id.* at ¶ 18.)

Plaintiff brings this action individually and on behalf of three distinct classes of similarly situated individuals—the Automatic Telephone Dialing System ("ATDS") class, the ATDS Revocation class, and the Do-Not-Call class.

**II.     Procedural History**

On January 14, 2019, Plaintiff filed this putative class action complaint alleging both negligent and willful violations of the TCPA.  (Dkt. No. 1.)  Freedom Forever filed its motion to dismiss under Rule 12(b)(6) thereafter.  (Dkt. No. 7.)  The motion is fully briefed.  (*See* Dkt. Nos. 10 & 13.)

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  Thus, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient, as is a complaint that "tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (internal quotation marks and citation omitted).

**DISCUSSION**

Plaintiff brings four separate causes of action under the TCPA on behalf of himself and the

putative classes: (1) negligent violations of section 227(b); (2) willful violations of section 227(b); (3) negligent violations of section 227(c); and (4) willful violations of 227(c). (Dkt. No. 1.) Freedom Forever moves to dismiss all claims against it pursuant to Rule 12(b)(6). The Court addresses each claim in turn.

## I. Violations of Section 227(b)

Under section 227(b) of the TCPA it is unlawful for any person in the United States to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Freedom Forever moves to dismiss the section 227(b) claims because Plaintiff's assertion that he received the calls at issue through an automated telephone dialing system ("ATDS") merely parrots "the language of the TCPA without providing any supporting facts." (Dkt. No. 7 at 3.) Freedom Forever further argues that "Plaintiff fails to identify which of the three named defendants actually enabled an ATDS to call Plaintiff's cell phone," or allege any facts supporting the existence of an agency relationship between the named defendants. (*Id.*) The Court agrees that dismissal is warranted because the complaint is devoid of any *factual* allegations giving rise to a reasonable inference that Freedom Forever violated the TCPA.

### A. Use of an Automated Telephone Dialing System

An ATDS is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dials such numbers." 47 U.S.C. § 227(a)(1). The device "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

Here, the complaint alleges that "Defendant used an 'automatic telephone dialing system'

3

as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services." (Dkt. No. 1 at ¶ 9.) The complaint contains no further, *factual* allegations regarding the alleged use of an ATDS. Such "a formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. *Iqbal*, 556 U.S. at 678; *see also Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST, 2016 WL 1169365, at *4 (N.D. Cal. Mar. 24, 2016) (rejecting as "conclusory" similar allegation regarding use of an ATDS); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H (WVG), 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (same); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMc), 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (same).

Plaintiff's citation to *Montantes v. Inventure Foods*, No. CV-14-1128-MWF (RZx), 2014 WL 3305578 (C.D. Cal. July 2, 2014), is unpersuasive because that case did not involve allegations regarding an ATDS or even a claim under the TCPA. Absent factual allegations giving rise to an inference that the calls were made using an ATDS (i.e., that the manner of the calls indicated that they were random or impersonal), Plaintiff's claims under section 227(b) fail.

### B. Who Made the Call?

"For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Group, Inc.*, No. 17-cv-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)). Defendant argues that "Plaintiff fails to identify which of the three named defendants actually enabled an ATDS to call Plaintiff's cell phone," or provide any factual allegations "to support theories of alter ego or vicarious liability." (Dkt. No. 7 at 3.) The Court agrees on both scores. The complaint is devoid of any factual allegations from which the Court could infer that Freedom Forever made the calls in question or otherwise controlled the named defendants who did so.

#### 1. Direct Liability

As previously discussed, the complaint characterizes Rayosun, Freedom Forever, and Freedom Solar as a single "Defendant" comprising "a solar energy company." (Dkt. No. 1.) The complaint alleges that "Defendant" made the calls in question and provides *no* further details (i.e., how the caller identified itself or what entity it was calling on behalf of). (*See generally* Dkt. No.

4

1 at ¶¶ 8-19.) Thus, there are no facts from which the Court could infer that an employee of Freedom Forever made the calls.

Plaintiff's opposition includes factual allegations on this issue that are not present in the complaint.[5] For purposes of review under Rule 12(b)(6), however, the Court is generally limited to the contents of the complaint, matters subject to judicial notice under Federal Rule of Evidence 201, or documents incorporated by reference in the complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Thus, the additional factual allegations in Plaintiff's opposition do not cure the deficiencies in the complaint.

### 2. **Vicarious Liability**

The complaint's allegations are similarly deficient as to vicarious liability. "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by common law, between the defendant and a third-party caller." *Gomez*, 768 F.3d at 879. "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014). "Three theories of agency could support vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification." *Farmers Group, Inc.*, 2018 WL 288055, at *4 (citing *Thomas v. Taco Bell Corp.*, 582 Fed. App'x. 678, 69 (9th Cir. 2014). Here, the complaint's allegations are insufficient under any theory.

The complaint contains a boilerplate allegation asserting the existence of an agency relationship; specifically:

> Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent

---

[5] Plaintiff's opposition asserts that he received a call "on or around October 12, 2017, advertising Defendant Rayosun, LLC's solar power services," and three days later he received another call from Rayosun. (Dkt. No. 10 at 5.) In the second call, "Plaintiff was informed that Defendant Rayosun, LLC would be sending Bob Gunthy, Solar Consultant of Defendant Rayosun, LLC for a consultation." (*Id.*) Plaintiff alleges that Mr. Gunthy then called Plaintiff and "identif[ied] himself as Solar Specialist for Defendant Freedom Solar Services, LLC." (*Id.*) None of those allegations are included in the complaint.

5

> of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

(Dkt. No. 1 at ¶ 7.) That allegation is wholly conclusory, and Plaintiff fails to plead any facts in support. Indeed, in arguing that he has sufficiently pleaded vicarious liability, Plaintiff's opposition again sets forth factual allegations not present in the complaint. (*See* Dkt. No. 10 at 13-15.)

In the absence of any factual allegations giving rise to a plausible inference that Freedom Forever "made" the calls at issue under the meaning of the TCPA, Plaintiff's section 227(b) claims against Freedom Forever fail.

## II. Violations of Section 227(c)

Section 227(c) of the TCPA protects telephone subscribers' privacy rights by prohibiting entities from soliciting telephone numbers registered on the National Do Not Call Registry. Section 227(c)(5) establishes a private right of action for individuals on the Registry who receive "more than one telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5). Freedom Forever moves to dismiss Plaintiff's claims under section 227(c), incorporating its arguments regarding dismissal as to the section 227(b) claims. The Court agrees that Plaintiff's section 227(c) claims are similarly deficient because Plaintiff fails to plead *any* facts giving rise to a reasonable inference that Freedom Forever, or an entity under its control, made the calls at issue.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Freedom Forever's motion to dismiss with leave to amend. Plaintiff shall file an amended complaint within 20 days of this Order. The case management conference scheduled for May 2, 2019 is continued to June 20, 2019. A joint case management conference statement shall be filed seven days prior.

This Order disposes of Docket No. 7.

//

//

**IT IS SO ORDERED.**

Dated: April 24, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge